Kevin Marrinan [KM 6450]
John P. Sheridan [JS 9127]
MARRINAN & MAZZOLA MARDON
26 Broadway, 17th Floor
New York, New York  10004
(212) 425-3240

*Attorneys for Defendant*
*International Longshoremen's Association, AFL-CIO*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

UNITED STATES MARITIME ALLIANCE, LTD.,    :

                  :

        Plaintiff,    :

                  :

      - v. –    :      **ANSWER**

                  :

INTERNATIONAL LONGSHOREMEN'S    :    **Case No. 08-CV-4146 (VM)(AJP)**
ASSOCIATION, AFL-CIO    :

                  :

        Defendant.    :

---------------------------------------------------------------------X

          Defendant International Longshoremen's Association, AFL-CIO ("ILA") by way of answer states as follows:

          1.      The allegations contained in Paragraph 1 of the plaintiff's complaint are legal conclusions that require no response.  To the extent they are deemed factual in nature, they are denied.

          2.      The allegations contained in Paragraph 2 of the plaintiff's complaint are legal conclusions that require no response.  To the extent they are deemed factual in nature, they are denied.

          3.      The allegations contained in Paragraph 3 of the plaintiff's complaint are legal conclusions that require no response.  To the extent they are deemed factual in nature, they are denied.

4.      The defendant admits the allegations contained in paragraph 4 of plaintiff's complaint.

5.      The defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

6.      The defendant admits the allegations contained in paragraph 6 of plaintiff's complaint.

7.      The defendant admits the allegations contained in paragraph 7 of plaintiff's complaint.

8.      The defendant admits the allegations contained in paragraph 8 of plaintiff's complaint.

9.      The defendant admits the allegations contained in paragraph 9 of plaintiff's complaint.

10.     The defendant admits the allegations contained in paragraph 10 of plaintiff's complaint.

11.     The defendant admits the allegations contained in paragraph 11 of plaintiff's complaint and further answering, the defendant avers that the document speaks for itself.

12.     The defendant admits the allegations contained in paragraph 12 of plaintiff's complaint.

13.     With respect to the allegations contained in paragraph 13 of plaintiff's complaint, the defendant states that the document speaks for itself.

14.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendant admits the allegations contained in paragraph 15 of the plaintiff's complaint. Answering further, the defendant avers that the grievance was heard by the LIGC on March 29, 2006, and the committee members deadlocked. At no time before, during, or after the LIGC hearing did STA or USMX raise the issue of arbitrability. The grievance was then referred to IAC on March 30, 2006, was withdrawn by STA on April 3, 2006, and was resubmitted to the IAC on June 20, 2006. The grievance was subsequently placed on the agenda for the November 8, 2007 meeting of the IAC, and given tab number 20. Counsel for USMX assisted in the preparation of the IAC's agenda. At no time did either STA or USMX raise the issue of arbitrability. The IAC meeting went forward on November 8, 2007, and the relevant grievance was heard and discussed, and again, at no time during that meeting did either STA or USMX raise the issue of arbitrability. USMX raised the issue of arbitrability for the first time <u>after</u> the IAC meeting and after the demand for arbitration had been filed in order to avoid going forward with the contractually mandated arbitration. By that time, STA and USMX had waived any objectsions to arbitrability they may have had. A copy of the IAC's agenda for its November 8, 2007 meeting is attached as Exhibit "A" (see Tab 20 at p. 3). A copy of both the March 30, 2006 and the June 20, 2006, grievance forms to the IAC are attached as Exhibit "B."

16. The defendant admits the allegations contained in paragraph 16 of plaintiff's complaint.

17. The defendant admits the allegations contained in paragraph 17 of plaintiff's complaint.

18. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint.

19.    The defendant admits the allegations contained in paragraph 19 of the complaint.

20.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint.

21.    The defendant denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's complaint.

23.    The defendant denies knowledge or information sufficient to form a belief a belief as to the truth of the allegations contained in paragraph 23 of the plaintiff's complaint.

24.    The defendant denies knowledge or information sufficient to form a belief a belief as to the truth of the allegations contained in paragraph 24 of the plaintiff's complaint.

25.    The defendant denies the allegations contained in paragraph 25 of plaintiff's complaint.

26.    The defendant denies the allegations contained in paragraph 26 of the complaint, and answering further, refers the court to its answer to paragraph 15, *supra*.

27.    The defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the plaintiff's complaint.

28.    With respect to the allegations contained in paragraph 28 of the plaintiff's complaint, the defendant states that the documents speak for themselves.  The allegations are otherwise denied.

29.     With respect to the allegations contained in paragraph 29 of the plaintiff's complaint, the defendant states that the documents speak for themselves.  The allegations are otherwise denied.

30.     With respect to the allegations contained in paragraph 30 of the plaintiff's complaint, the defendant states that the documents speak for themselves.  The allegations are otherwise denied.

31.     The defendant repeats and re-alleges its answers set forth above in paragraphs 1 through 30 as if fully set forth herein.

32.     The defendant denies the allegations set forth in paragraph 32 of the plaintiff's complaint.

33.     The defendant denies the allegations set forth in paragraph 33 of the plaintiff's complaint.

34.     The defendant denies the allegations set forth in paragraph 34 of the plaintiff's complaint.

35.     The defendant denies the allegations set forth in paragraph 35 of the plaintiff's complaint.

36.     The allegations contained in paragraph 36 state a legal conclusion for which no response is required.  To the extent they are deemed factual in nature, they are denied.

37.     The defendant admits the allegations contained in paragraph 37 of plaintiff's complaint.

38.     The allegations contained in paragraph 38 state a legal conclusion for which no response is required.  To the extent they are deemed factual in nature, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing to raise the issue of arbitrability because it acts as an arbitrator at the IAC.  Even if it did have standing to raise the issue, the objection was waived by Plaintff's failure to raise the issue until well after the IAC meeting of November 8, 2007.

### Third Affirmative Defense

By participating in the Master Contract grievances process at the LIGC and IAC, STA has waived all objections based on arbitrability, and therefore Plaintiff may not raise the issue on STA's behalf.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the relevant statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff has failed to exhaust its contractual remedies.

WHEREFORE, Defendant ILA demands judgment dismissing the complaint in its entirety and granting said Defendant the costs and disbursements of the action and such other and further relief as the Court deems proper.

Dated: August 21, 2008

MARRINAN & MAZZOLA MARDON, P.C.


/s/ John P. Sheridan
Kevin Marrinan [KM 6450]
kmarrinan@mmmpc.com
John P. Sheridan [JS 9127]
jsheridan@mmmpc.com
26 Broadway, 17th Floor
New York, New York 10004
(212) 425-3240

*Attorneys for Defendant International Longshoremen's Association, AFL-CIO*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this Answer has been filed with the United States District

Court for the Southern District of New York by electronic filing on August 21, 2008.  All

counsel of record are being served by the Court's electronic filing system.


<u>s/</u> **JOHN P. SHERIDAN**_____
John P. Sheridan

**EXHIBIT A**

11/1/07 — 3:00 P.M.

# IAC AGENDA
## NOVEMBER 8, 2007 — 9 A.M.

| Tab No. | Grievant & Port | Date(s) of IAC/LIGC hearing request | General Issue(s) | Contract Provisions | Notes/Status |
|---|---|---|---|---|---|
| **M&R, JURISDICTION** | | | | | |
| √ 1 | L. 1429 Baltimore *Container #5* | 2/9/07, 6/6/07 | M&R, Jurisdiction: contracting out roadability work. | MC: Art. VII, §§ 1, 2; Art. IX, §§ 1-4; App. A, B, D. | 10-2006 Grievance to LIGC, no hearing convened; 4/16/07, 2nd LIGC meeting requested; 3/13/07. Parties cannot agree on M&R Inspection Procedures; |
| √ 2 | L. 1429 Baltimore *Container #5* | 2/9/07, 6/6/07 | P&O directing TIR mechanics/ inspectors not to open container doors. | MC: Art VII, §§ 1, 2, Art. IX, §§ 1-4, App A, B, D. | 9-2006: Grievance to LIGC, no hearing convened; 3/13/07. Parties cannot agree on M&R Inspection Procedures; |
| √ 3 *check in mtel* | **L. 1429 Baltimore Settled & With-drawn** | **8/2/05** | **M&R, Jurisdiction: container w/major damage removed from ILA work jurisdiction.** | | **03-2005, 04-2005, 05-2005, 06-2005: 4/5/06 IAC heard grievances, monetary damages issue and major damage procedures unresolved;** |
| √ 4 *postponed* | L. 799, 800, 805 Boston | 3/20/07 | M&R, Jurisdiction: sending damaged cargo off-site for stuffing/stripping by non-ILA labor. | MC: Art. VII, §§ 1. 2; Art. IX, §§ 1, 2 | LRC meeting held 1/30/07 but parties failed to reach an agreement; June 6, 2007 memo re "recent" industry appellate meeting and USCG request to remove, strip and re-stuff containers; |

89954

1

| Tab No. | Grievant & Port | Date(s) of IAC/LIGC hearing request | General Issue(s) | Contract Provisions | Notes/Status |
|---|---|---|---|---|---|
| ✓5 *K letter* *notice* | L. 1429 Baltimore | 6/28/06 | M&R, Jurisdiction: major damage containers removed from port without prior notice. | MC: Art VII, §§ 1, 2; Art. IX, §§ 1, 2 | LIGC heard grievance 6/27/06, referred to IAC 6/28/06; |
| ✓6 *K letter* *out of service* | L. 1429 Baltimore | 3/30/06 | M&R, Jurisdiction: major damage containers removed from ILA work jurisdiction. | MC: Art VII, §§ 1, 2; Art. IX, §§ 1, 2 | 03-2006: IAC heard grievance 4/5/06; |
| ✓7 *CMA* | L. 1429 Baltimore | 6/14/07 | M&R, Jurisdiction: failure to notify of repositioning. | MC: Art IX | LIGC hearing requested 6/14; mngmnt did not convene hearing, mtr referred to IAC. |
| ✓8 *viol.* *chassis -1* | L. 1429 Baltimore *Evergreen* | 6/14/07 | M&R, Jurisdiction: failure to notify of repositioning; subcontracting repair work. | MC: Art IX, Rules on Containers | LIGC hearing requested 6/14; mngmnt did not convene hearing, mtr referred to IAC. |
| ✓9 *arb* ⑪ *Hapag Lloyd -2* | L. 1429 Baltimore | 6/13/07 | M&R, Jurisdiction: failure to notify of repositioning. | MC: Art IX | LIGC hearing requested 6/13; mngmnt did not convene hearing, mtr referred to IAC. |
| ✓10 *12 Boxes* *- writter* *reps are minor, on barge* | L. 1429 Baltimore | 8/24/07 | M&R, Jurisdiction: ~~responsibility repairs~~ not performed in Port of Baltimore where dmg discovered. | MC: Containerization Agrmnt and Rules on Containers | LIGC hearing requested 6/13; mngmnt did not convene hearing, mtr referred to IAC. |
| ✓11 *clerical error on Hapag* *NSAU 0401376* | L. 1429 Baltimore ⑨ *per. trp* *Note NSCSA* | 8/24/07 | M&R: major dmg containers repositioned w/o notification. | MC: Art IX | LIGC hearing requested 6/13; mngmnt did not convene hearing, mtr referred to IAC. |
| ✓12 *violation* | L. 1429 Baltimore *lease termination* | 8/24/07 | M&R: major dmg containers not repaired by ILA labor (ZIM and Ports Am.) | MC: Art. IX | LIGC hearing requested 7/3; mngmnt did not convene hearing, mtr referred to IAC. |

*NSCSA* ↗

*Eugene Cascio*

| Tab No. | Grievant & Port | Date(s) of IAC/LIGC hearing request | General Issue(s) | Contract Provisions | Notes/Status |
|---|---|---|---|---|---|
| √13 | L. 1429  Baltimore | 8/24/07  *chassis" off-line* | M&R: major dmg containers not repaired by ILA labor (CSAV and Ports Am.) | MC: Art. IX | LIGC hearing requested 7/4; mngmnt did not convene hearing, mtr referred to IAC. |
| √14 | L. 1429  Baltimore | 8/24/07  *chassis - 3* | M&R: major dmg containers not repaired by ILA labor (CSAV and Ports Am.) | MC: Art. IX | LIGC hearing requested 7/4; mngmnt did not convene hearing, mtr referred to IAC. |
| √15 | L. 1429  Baltimore | 8/24/07  *chassis - 3* | M&R: major dmg containers not repaired by ILA labor (CSAV and Ports Am.) | MC: Art. IX | LIGC hearing requested 7/4; mngmnt did not convene hearing, mtr referred to IAC. |
| √16 | L. 1429  Baltimore | 8/24/07  *chassis -1* | M&R: major dmg containers not repaired by ILA labor (Chi and P&A Ports.) | MC: Art. IX | LIGC hearing requested 8/1; mngmnt did not convene hearing, mtr referred to IAC. |
| √17  *art. mafi* | L. 1429  Baltimore | 8/24/07  *no notice claim of proper repair* | M&R: major dmg containers not repaired by ILA labor (NSCSA and Ports Am.) | MC: Art. IX | LIGC hearing requested 8/10; mngmnt did not convene hearing, mtr referred to IAC. |
| √18  *art. mafi* | L. 1429  Baltimore | 8/24/07  *no notes - claim proper repair* | M&R: major dmg containers not repaired by ILA labor (NSCSA and Ports Am.) | MC: Art. IX | LIGC hearing requested 8/10; mngmnt did not convene hearing, mtr referred to IAC. |
| √19  *get down to* | L. 1429  Baltimore | 8/24/07  *containers selling?* | M&R: major dmg containers not repaired by ILA labor (MSC and Ports Am.) | MC: Art. IX | LIGC hearing requested 8/22; mngmnt did not convene hearing, mtr referred to IAC. |
| **CLERICAL** | | | | | |
| √20 | L. 953  Baltimore | 6/20/06  *no check of seals at seagirt* | Clerical work jurisdiction: infringement of work related to delivery of containers; | MC: Art. VIII § 1 | 05-2006: 3/29/06 LIGC hearing, deadlock vote; |

89954

3

| Tab No. | Grievant & Port | Date(s) of IAC/LIGC hearing request | General Issue(s) | Contract Provisions | Notes/Status |
|---|---|---|---|---|---|
| ✓21 | L. 953 Baltimore | 3/29/06 | Clerical, Jurisdiction: clerical work by non-ILA labor. | MC: Art. VIII, §§ 1, 2 | 01-2006: IAC heard grievance 4/5/06; |
| **NEW TECHNOLOGY** | | | | | |
| ✓22 | L. 1429 Baltimore *juris.* | 3/30/06 | New Technology: terminal and pier snow removal w/plow. | MC: Art. X | 04-2006. tie vote at the 3/29/06 LIGC, referred to IAC; |
| ✓23 | L. 333 Baltimore *settled* *ship operation – sample Decision Dundalk / Seagirt – wages benefits* | 5/22/07 | New Technology: Since 2/1/07, Ports Am. Baltimore implemented new technology and eliminated positions w/o satisfying notification requirements. | MC: Art. X | STA and Ports Am. Baltimore refused to convene LIGC meeting as requested on 4/24/07; |
| ✓24 | L. 1624 Hampton Roads | 6/28/07 | New Technology: unilateral implementation of new tech. | MC: Art. VII, § 8, Art. X, §§ 1, 2, 3 | To LIGC 5/15/07; status of LIGC determination not communicated to Local; 8/3/07 inquiry re status of IAC grievance; |
| **MISC** | | | | | |
| ✓25 | L. 333 Baltimore | 1/31/06 | Small Boat: Nordana vessels qualify for small boat agreement? | MC: Art. V, § 4(c) | 02-2006: tie vote at the LIGC, referred to IAC; |
| ✓26 | L. 970 Hampton Roads | | Wage rate dispute. | | 7/30/06 ltr from IAC co-counsel stated L. 970's grievance settled at 8/17/04 IAC meeting. |
| ✓27 | L. 333 Baltimore *contributions – ILA to CB up.* | 10/1/07 | Wage rate and unilateral implementation dispute. | MC: Art XXII, 11 and 12 | LIGC grievance submitted 9/13; not heard; 10/1 referred to IAC |

| Tab No. | Grievant & Port | Date(s) of IAC/LIGC hearing request | General Issue(s) | Contract Provisions | Notes/Status |
|---|---|---|---|---|---|
| ✓28 _settled_ | L. 333 Baltimore | 10/1/07 | Gang size on ro-ro car ships. | MC: Art V, 4; Local argmnt Art X | LIGC grievance submitted 9/13; not heard; 10/1 referred to IAC |
| ✓29 _postponed_ | L. 1242 | 6/20/07 | Longshore Jurisdiction: stuffing/stripping at non-ILA terminals | MC: Art VII; Rules on Containers | Requested LIGC meeting 4/25/07; no LIGC meeting schedule t/f requesting IAC meeting. |

89954

# EXHIBIT B

# INDUSTRY APPELLATE COMMITTEE GRIEVANCE FORM *

Under the Master Contract between Carriers Container Council, Inc. ("CCC"), New York Shipping Association, Inc. ("NYSA"), Boston Shipping Association, Inc. ("BSA"), Southeast Florida Employers Port Association ("SEFEPA"), Council of North Atlantic Shipping Associations ("CONASA") and The International Longshoremen's Association, AFL-CIO ("ILA")

June 20, 2006                          Claim #05-2006

ILA Local 953
via BSA-ILA Container Royalty Fund

Grievance Submitted By:

### (NAME & AFFILIATION)

Address: 6610 Tributary St., 202 Taylor Bldg.,

Baltimore, MD  21224-6532

Telephone: 410-633-9330

FAX: 410-633-9360

e-mail: stailacontainerroyaltyfund@msn.com

State the nature of the grievance and any applicable contract provision by sections and page numbers (use additional sheets as required):

ILA Local 953 v. Various S.S. Lines -- Re: Clerical Work

Local 953 claims that the Steamship Lines and Management is, in violation of the Master Agreement, infringing upon work related to the delivery of containers (container seals) at waterfront facilities. Local 953 claims that this work was/is under ILA jurisdiction.

Has the grievance been heard by the Local Grievance Committee?   YES XX   NO___
If "YES," describe the decision of the Local Grievance Committee and attach a copy of the Minutes and Ruling, if available, and all documents submitted to that Committee by both sides. If "NO," explain why not.  Documentation is needed for full understanding of the grievance.

March 29, 2006: LIGC Hearing - Deadlock vote resulted.
June 20, 2006: Claim moved to IAC by Local 953.

---

* The grievance must be filed at least thirty (30) days prior to the meeting of the Industry Appellate Committee at which it is heard.

PORT OF BALTIMORE, MD
## LOCAL INDUSTRY GRIEVANCE COMMITTEE FORM

TO:    LIGC/STA of Baltimore

Address:    947 Fell St., Swann's Wharf

Baltimore, MD  21231-3505

Telephone #:  (410) 563-7314

Facsimile #:  (410) 563-7318

Claim #05-2006
Local 953 vs. S.S. Lines

Under the Master Contract between Carriers Container Council, Inc., New York Shipping Association, Inc., Boston Shipping Association, Inc., Hampton Roads Shipping Association, New Orleans Steamship Association, Philadelphia Marine Trade Association, South Atlantic Employers Negotiating Committee, Southeast Florida Employers Port Association, Steamship Trade Association of Baltimore, West Gulf Maritime Association and the International Longshoremen's Association, AFL-CIO.

Grievance Submitted By:  ILA Local 953,
via STA-ILA Container Royalty Fund
(NAME & AFFILIATION)

Address:  6610 Tributary St., 202 Taylor Bldg.,

Baltimore, MD  21224-6532

Telephone:  410-633-9330

Facsimile:  410-633-9360
e-mail:  stailacontainerroyaltyfund@msn.com

State the nature of the grievance (use additional sheets as required):

Local 953 claims that various steamship lines and Management have violated the Master Agreement by infringing work related to the delivery of containers (container seals) at waterfront facilities (Seagirt Marine Terminal).

Local 953 claims that this work is under ILA jurisdiction.

Signature (On Behalf Of The Grievant)
Richard P. Poremski, Field Rep.
STA-ILA Container Royalty Fund
March 28, 2006
Date



## Steamship Clerks, Weighers and Timekeepers Local 953
### INTERNATIONAL LONGSHOREMEN'S ASS'N

Affiliated with AMERICAN FEDERATION OF LABOR
International Transportworkers Federation, Trades and Labor Congress of Canada

| Walter Benewicz | Richard P. Hughes, Jr. |
|---|---|
| 410-727-0578 | 410-727-0578 |
| Phone, | Phone, |

Phone: 727-0578
1345 HULL STREET
Baltimore, Md. 21230

March 28, 2006

Michael Angelos
S.T.A. of Baltimore, Inc.
947 Fell St.
Baltimore, Md.   21231

Sir.

Please schedule a LIGC grievance for the following violations of the Master Contract by MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacao E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacao E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. have violated the following Master Agreement sections by performing work related to the delivery of containers at waterfront facilities belonging to the jurisdiction of the I.L.A. at Seagirt Marine Terminal:

*What specific work?*

11-12.  ILA JURISDICTION OVER WORK COVERED BY
        THE MASTER CONTRACT  (1996)

**Containerization Agreement**
**(A) Management hereby reaffirms that the ILA employee has jurisdiction over longshore, checker, maintenance and other ILA craft work conferred on such workers by the Containerization Agreement, set forth in the Appendix.**

**Supervision and Management**
**(D) The ILA work described in the jurisdiction provisions of the Master Contract is to be performed by ILA workers on the waterfront facility and not by supervision or other non-bargaining unit employees.**

**Marine Terminal Work**

(G) It is recognized that the marine terminal work of the ILA crafts has traditionally been performed on pier and waterfront facilities. When such marine terminal work is moved off the marine terminal by the terminal operator or by a signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.

FINAL CLERICAL JURISDICTION MASTER CONTRACT LANGUAGE (2004)

Clerical Work

(B) Clerks shall perform all clerical work on container waterfront facilities which traditionally and regularly has been performed by them, including but not limited to work related to the receipt and delivery of cargo, hatchchecking, prestow, (hatch sequence sheet) plan clerking, recording of receipt and delivery of containers received or delivered at waterfront facilities, timekeeping, location and yard work, and demurrage recording, which work shall not be removed from the waterfront facility. The input and output of information by computers related to the foregoing work functions shall also be performed by Checkers and Clerks.

DATED: March 23, 2004

ATTACHMENT A- PAGE 1

# FINAL JURISDICTION COMMITTEE GUIDELINES AND GLOSSARY OF TERMS

The members of the Jurisdiction Committee, in order to provide a framework to resolve outstanding issues regarding the jurisdiction of the ILA Clerks and Checkers, have agreed upon the following definitions and the statement of principle that will be used to define and identify the specific functions that fall within the ILA's jurisdiction.

In applying Section 11-12(B) of the Master Contract, members of the Jurisdiction Committee shall be bound by the following principle. Management and the ILA agree that the ILA Clerks and Checkers shall have jurisdiction over each and every function set forth in Section 11-12(B), which is performed on container waterfront facilities on behalf of signatory employers in each and every port covered by the Master Contract, provided that such function was at any time in the past performed by the ILA Clerks and Checkers in that port. It is further understood that clerical work currently performed by state port authorities or government agencies, if discontinued, will fall under the ILA's jurisdiction.

The following basic list of terms are intended to be descriptive and not all encompassing and are not intended to limit the jurisdiction or functions of the ILA

Clerks and Checkers as they exist under local agreements in the various ports covered by the Master Contract.

Unless there is agreement between the ILA in a local port and an employer in the local port, any deviation from the jurisdiction provisions of the Master Contract shall not constitute a waiver, amendment or rescission of the jurisdiction provisions of the Master Contract.

*   *   *   *   *   *

DATED: March 23, 2004

ATTACHMENT A- PAGE 3

---

The ILA is requesting a one thousand dollar ($1000.00) fine in liquidated damages for every container violation under the following terms of the **CONTAINERIZATION AGREEMENT** section 9, Violations of Agreement:

**This agreement defines the work jurisdiction of employees and prohibits the subcontracting out of any of the work covered hereby. It is understood that the provisions of this Agreement are to be rigidly enforced in order to protect against the further reduction of the work force. Management believes that there may have been violation of work jurisdiction, of subcontracting clauses, and of this Agreement, by steamship carriers and direct employers. The parties agree that the enforcement of these provisions is especially important and that any violation of such other provisions is of the essence of the Agreement. The Union shall have the right to insist that any such violations be remedied by money damages to compensate employees who have lost their work. Because of the difficulty of proving specific damages in such cases, it is agreed that, in place of any other damages, liquidated damages of $1,000.00 for each violation shall be paid to the appropriate Welfare and Pension Funds.**

Documentation is attached in regard to the particular container numbers and steamship lines involved in violations.

Sincerely,

Richard P. Hughes, Jr.
Business Agent

Cc: MSC
: Evergreen America
: Hatsu Marine
: Italia Marittima SPA
: Hyundai America Shipping Line
: Yang Ming
: Hamburg-Sud
: CLIPAM
: CHI
: Alianca Navegacao E Logistica
: CCNI
: Zim
: Maersk
: Safmarine
: Lykes Line
: Cosco
: CMA-CGM (American) Inc.
: Horace Alston II A
: John Shade ACD
: STA-ILA Container Royalty Fund

**********************************************************************************

## STA-ILA CRF Note:

As claim documentation, Local 953 has submitted Seagirt
Marine Terminal Container Pickup Cards, for various steamship lines,
for each container it considers to be in violation of the Master
Agreement.

The sampling provided for just 2 days is as follows:
March 27, 2006: 485 Containers
March 28, 2006: 393 Containers

# STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC.
## INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
### CONTAINER ROYALTY FUND



GLABIRD BUSINESS PARK
202 JACKSON TAYLOR BUILDING
6610 TRIBUTARY STREET
BALTIMORE, MD 21224-6532

☎ (410) 632-9330
Fax (410) 633-9347

**  FAX TRANSMITTAL PAGE  **

DATE: APR. 3, 2006

TIME: 3 PM

NUMBER OF PAGES: 1        (INCLUDING THIS COVER PAGE)

TO: LAMBOS & JUNGE / GLEASON & MATTHEWS

ATTN: DAN CARUSO, ESQ. / ANDRE MAZZOLA, ESQ.

FAX #: (212) 797-9213 / (212) 943-6649

FROM: RICHARD P. POREMSKI

SPECIAL INSTRUCTIONS: RE: IAC MEETING - APRIL 3, 2006

: BALTIMORE LIGC,

CLAIM # 05-2006,

LOCAL 953 - CLERICAL WORK

PLEASE WITHDRAW THE ABOVE MENTIONED FROM
THE FORTHCOMING IAC AGENDA. IT WAS
SUBMITTED BY MISTAKE AND REMAINS IN THE
HANDS OF THE LOCAL LIGC.

THANK YOU,
R. P. Poremski

ADMINISTRATOR
RICHARD P. KRUGER, JR.

ASSISTANT ADMINISTRATOR
SIMON E. DAVIS

FIELD REPRESENTATIVE
RICHARD P. POREMSKI



# INDUSTRY APPELLATE COMMITTEE GRIEVANCE FORM*

Under the Master Contract between Carriers Container Council, Inc. ("CCC"), New York Shipping Association, Inc. ("NYSA"), Boston Shipping Association, Inc. ("BSA"), Southeast Florida Employers Port Association ("SEFEPA"), Council of North Atlantic Shipping Associations ("CONASA") and The International Longshoremen's Association, AFL-CIO ("ILA").

|  |  |  |
|---|---|---|
| Grievance Submitted By: | March 30, 2006 | Claim #05-2006 |
|  | ILA Local 953 |  |
|  | via STA-ILA Container Royalty Fund |  |

(NAME & AFFILIATION)

Address: 6610 Tributary St., 202 Taylor Bldg.,

Baltimore, MD  21224-6532

Telephone: 410-633-9330

FAX: 410-633-9360

e-mail: stailacontainerroyaltyfund@msn.com

State the nature of the grievance and any applicable contract provision by sections and page numbers (use additional sheets as required):

ILA Local 953 v. S.S. Lines — Re: Clerical Work

Local 953 claims that the Steamship Lines and Management is, in violation of the Master agreement, infringing upon clerical work that is under ILA jurisdiction.

Has the grievance been heard by the Local Grievance Committee?   YES XX   NO___
If "YES," describe the decision of the Local Grievance Committee and attach a copy of the Minutes and Ruling, if available, and all documents submitted to that Committee by both sides. If "NO," explain why not. Documentation is needed for full understanding of the grievance.

LIGC hearing was held on March 29, 2006.
The vote resulted in a tie, and the claim was moved to the IAC.

---

\* The grievance must be filed at least thirty (30) days prior to the meeting of the Industry Appellate Committee at which it is heard.

PORT OF BALTIMORE, MD

## LOCAL INDUSTRY GRIEVANCE COMMITTEE FORM

TO:      LIGC/STA of Baltimore

Address:  947 Fell St., Swann's Wharf

           Baltimore, MD 21231-3505

Telephone #: (410) 563-7314

Facsimile #: (410) 563-7318

Claim #05-2006
Local 953 vs. S.S. Lines

       Under the Master Contract between Carriers Container Council, Inc., New York Shipping Association, Inc., Boston Shipping Association, Inc., Hampton Roads Shipping Association, New Orleans Steamship Association, Philadelphia Marine Trade Association, South Atlantic Employers Negotiating Committee, Southeast Florida Employers Port Association, Steamship Trade Association of Baltimore, West Gulf Maritime Association and the International Longshoremen's Association, AFL-CIO.

Grievance Submitted By:  ILA Local 953,
                      via STA-ILA Container Royalty Fund
                         (NAME & AFFILIATION)

           Address:  6610 Tributary St., 202 Taylor Bldg.,

                   Baltimore, MD 21224-6532

           Telephone.  410-633-9330

           Facsimile:  410-633-9360
           e-mail:  stailacontainerroyaltyfund@msn.com

State the nature of the grievance (use additional sheets as required):

Local 953 claims that various steamship lines and Management have violated the Master Agreement by infringing work related to the delivery of containers (container seals) at waterfront facilities (Seagirt Marine Terminal).

Local 953 claims that this work is under ILA jurisdiction.

                    Richard P. Poremski

                    Signature (On Behalf Of The Grievant)
                    Richard P. Poremski, Field Rep.
                    STA-ILA Container Royalty Fund
                    March 28, 2006
                    Date



**Steamship Clerks, Weighers and Timekeepers**
**Local 953**

**INTERNATIONAL LONGSHOREMEN'S ASS'N**

Affiliated with AMERICAN FEDERATION OF LABOR
International Transportworkers Federation, Trades and Labor Congress of Canada

| Walter Benewicz | Richard P. Hughes, Jr. |
|---|---|
| 410-727-0578 | 410-727-0578 |
| Phone, | Phone, |

Phone: 727-0578
1345 HULL STREET
Baltimore, Md. 21230

March 28, 2006

Michael Angelos
S.T.A. of Baltimore, Inc
947 Fell St.
Baltimore, Md. 21231

Sir:

Please schedule a LIGC grievance for the following violations of the Master Contract by MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacao E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacao E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. have violated the following Master Agreement sections by performing work related to the delivery of containers at waterfront facilities belonging to the jurisdiction of the I.L.A. at Seagirt Marine Terminal:

11-12.  ILA JURISDICTION OVER WORK COVERED BY
        THE MASTER CONTRACT  (1996)

**Containerization Agreement**
(A) Management hereby reaffirms that the ILA employee has jurisdiction over longshore, checker, maintenance and other ILA craft work conferred on such workers by the Containerization Agreement, set forth in the Appendix.

**Supervision and Management**
(D) The ILA work described in the jurisdiction provisions of the Master Contract is to be performed by ILA workers on the waterfront facility and not by supervision or other non-bargaining unit employees.

Marine Terminal Work

(G) It is recognized that the marine terminal work of the ILA crafts has traditionally been performed on pier and waterfront facilities. When such marine terminal work is moved off the marine terminal by the terminal operator or by a signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.

FINAL CLERICAL JURISDICTION MASTER CONTRACT LANGUAGE (2004)

Clerical Work

(B) Clerks shall perform all clerical work on container waterfront facilities which traditionally and regularly has been performed by them, including but not limited to work related to the receipt and delivery of cargo, hatchchecking, prestow, (hatch sequence sheet) plan clerking, recording of receipt and delivery of containers received or delivered at waterfront facilities, timekeeping, location and yard work, and demurrage recording, which work shall not be removed from the waterfront facility. The input and output of information by computers related to the foregoing work functions shall also be performed by Checkers and Clerks.

DATED: March 23, 2004

ATTACHMENT A- PAGE 1

FINAL JURISDICTION COMMITTEE GUIDELINES AND GLOSSARY OF TERMS

The members of the Jurisdiction Committee, in order to provide a framework to resolve outstanding issues regarding the jurisdiction of the ILA Clerks and Checkers, have agreed upon the following definitions and the statement of principle that will be used to define and identify the specific functions that fall within the ILA's jurisdiction.

In applying Section 11-12(B) of the Master Contract, members of the Jurisdiction Committee shall be bound by the following principle. Management and the ILA agree that the ILA Clerks and Checkers shall have jurisdiction over each and every function set forth in Section 11-12(B), which is performed on container waterfront facilities on behalf of signatory employers in each and every port covered by the Master Contract, provided that such function was at any time in the past performed by the ILA Clerks and Checkers in that port. It is further understood that clerical work currently performed by state port authorities or government agencies, if discontinued, will fall under the ILA's jurisdiction.

The following basic list of terms are intended to be descriptive and not all encompassing and are not intended to limit the jurisdiction or functions of the ILA

Clerks and Checkers as they exist under local agreements in the various ports covered by the Master Contract.

Unless there is agreement between the ILA in a local port and an employer in the local port, any deviation from the jurisdiction provisions of the Master Contract shall not constitute a waiver, amendment or rescission of the jurisdiction provisions of the Master Contract.

*     *     *     *     *     *

DATED: March 23, 2004

ATTACHMENT A- PAGE 3

---

The ILA is requesting a one thousand dollar ($1000.00) fine in liquidated damages for every container violation under the following terms of the **CONTAINERIZATION AGREEMENT** section 9. Violations of Agreement:

This agreement defines the work jurisdiction of employees and prohibits the subcontracting out of any of the work covered hereby. It is understood that the provisions of this Agreement are to be rigidly enforced in order to protect against the further reduction of the work force. Management believes that there may have been violation of work jurisdiction, of subcontracting clauses, and of this Agreement, by steamship carriers and direct employers. The parties agree that the enforcement of these provisions is especially important and that any violation of such other provisions is of the essence of the Agreement. The Union shall have the right to insist that any such violations be remedied by money damages to compensate employees who have lost their work. Because of the difficulty of proving specific damages in such cases, it is agreed that, in place of any other damages, liquidated damages of $1,000.00 for each violation shall be paid to the appropriate Welfare and Pension Funds.

Documentation is attached in regard to the particular container numbers and steamship lines involved in violations.

Sincerely,

Richard P. Hughes, Jr.
Business Agent

Cc: MSC
: Evergreen America
: Hatsu Marine
: Italia Marittima SPA
: Hyundai America Shipping Line
: Yang Ming
: Hamburg-Sud
: CLIPAM
: CHL
: Aliança Navegaçao E Logistica
: CCNI
: Zim
: Maersk
: Safmarine
: Lykes Line
: Cosco
: CMA-CGM (American) Inc.
: Horace Alston ILA
: John Shade ACD
: STA-ILA Container Royalty Fund

*****************************************************************************************

**STA-ILA CRF Note:**

As claim documentation, Local 953 has submitted Seagirt
Marine Terminal Container Pickup Cards, for various steamship lines,
for each container it considers to be in violation of the Master
Agreement.

The sampling provided for just 2 days is as follows:
March 27, 2006: 485 Containers
March 28, 2006: 393 Containers

# INDUSTRY APPELLATE COMMITTEE GRIEVANCE FORM *

Under the Master Contract between Carriers Container Council, Inc. ("CCC")
New York Shipping Association, Inc. ("NYSA"), Boston Shipping Association, Inc.
("BSA"), Southeast Florida Employers Port Association ("SEFEPA"), Council of North
Atlantic Shipping Associations ("CONASA") and The International Longshoremen's
Association, AFL-CIO ("ILA")

March 30, 2006                          Claim #05-2006

Grievance Submitted By:         ILA Local 953
                                via NYSA-ILA Container Royalty Fund
                                (NAME & AFFILIATION)

Address:  6610 Tributary St., 202 Taylor Bldg.,

          Baltimore, MD  21224-6532

Telephone:  410-633-9330

FAX:  410-633-9360
e-mail:  stailacontainerroyaltyfund@msn.com

State the nature of the grievance and any applicable contract provision by sections and page
numbers (use additional sheets as required):

ILA Local 953 v. S.S. Lines -- Re: Clerical Work

Local 953 claims that the Steamship Lines and Management is, in violation of the
Master agreement, infringing upon clerical work that is under ILA jurisdiction.

Has the grievance been heard by the Local Grievance Committee?    YES XX    NO___
If "YES," describe the decision of the Local Grievance Committee and attach a copy of the
Minutes and Ruling, if available, and all documents submitted to that Committee by both sides.
If "NO," explain why not.  Documentation is needed for full understanding of the grievance.

LGC hearing was held on March 29, 2006.
The vote resulted in a tie, and the claim was moved to the IAC.

* The grievance must be filed at least thirty (30) days prior to the meeting of the Industry
Appellate Committee at which it is heard.

# PORT OF BALTIMORE, MD
## LOCAL INDUSTRY GRIEVANCE COMMITTEE FORM

TO:         LIGC/STA of Baltimore                    Claim #05-2006
                                                      Local 953 vs. S.S. Lines
Address:    947 Foll St., Swann's Wharf

            Baltimore, MD  21231-3505

Telephone #: (410) 563-7316

Facsimile #: (410) 563-7318


          Under the Master Contract between Carriers Container Council, Inc., New
York Shipping Association, Inc., Boston Shipping Association, Inc., Hampton Roads
Shipping Association, New Orleans Steamship Association, Philadelphia Marine Trade
Association, South Atlantic Employers Negotiating Committee, Southeast Florida Employers
Port Association, Steamship Trade Association of Baltimore, West Gulf Maritime
Association and the International Longshoremen's Association, AFL-CIO.


                            ILA Local 953,
Grievance Submitted By:     via STA-ILA Container Royalty Fund

                                  (NAME & AFFILIATION)

            Address:  6610 Tributary St., 202 Taylor Bldg.,

                      Baltimore, MD  21224-6502

            Telephone:   410-633-9330

            Facsimile:   410-633-9360
            e-mail:   stailacontainerroyaltyfund@msn.com

State the nature of the grievance (use additional sheets as required):

Local 953 claims that various steamship lines and Management have violated
the Master Agreement by infringing work related to the delivery of containers
(container seals) at waterfront facilities (Seagirt Marine Terminal).

Local 953 claims that this work is under ILA jurisdiction.


                        Richard P. Poreski
                        Signature (On Behalf Of The Grievant)
                        Richard P. Poreski, Field Rep.
                        STA-ILA Container Royalty Fund
                        March 28, 2006
                        Date



| Steamship Clerks, Weighers and Timekeepers |
| Local 953 |
| INTERNATIONAL LONGSHOREMEN'S ASS'N |

Affiliated with AMERICAN FEDERATION OF LABOR
International Transportworkers Federation, Trades and Labor Congress of Canada

| Walter Roniewicz | Richard P. Hughes, Jr. |
| 410-727-0578 | 410-727-0578 |
| Phone. | Phone. |

Phone: 727-0578
1345 HULL STREET
Baltimore, Md. 21230

March 28, 2006

Michael Angelos
S.T.A. of Baltimore, Inc
947 Fell St.
Baltimore, Md.  21231

Sir.

     Please schedule a LIGC grievance for the following violations of the Master Contract by MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacso E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. MSC, Evergreen America, Hatsu Marine, Italia Marittima SPA, Hyundai America Shipping Line, Yang Ming, Hamburg-Sud, CLIPAM, CHI, Alianca Navegacao E Logistica, CCNI, Zim, Maersk, Safmarine, Lykes Line, Cosco, and CMA-CGM (America) Inc. have violated the following Master Agreement sections by performing work related to the delivery of containers at waterfront facilities belonging to the jurisdiction of the I.L.A. at Seagin Marine Terminal.

11-12.  ILA JURISDICTION OVER WORK COVERED BY
        THE MASTER CONTRACT  (1996)

Containerization Agreement
(A) Management hereby reaffirms that the ILA employee has jurisdiction over longshore, checker, maintenance and other ILA craft work conferred on such workers by the Containerization Agreement, set forth in the Appendix.

Supervision and Management
(D) The ILA work described in the jurisdiction provisions of the Master Contract is to be performed by ILA workers on the waterfront facility and not by supervision or other non-bargaining unit employees.

Marine Terminal Work

(G) It is recognized that the marine terminal work of the ILA crafts has traditionally been performed on pier and waterfront facilities. When such marine terminal work is moved off the marine terminal by the terminal operator or by a signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.

FINAL CLERICAL JURISDICTION MASTER CONTRACT LANGUAGE (2004)

Clerical Work

(B) Clerks shall perform all clerical work on container waterfront facilities which traditionally and regularly has been performed by them, including but not limited to work related to the receipt and delivery of cargo, hatchchecking, prestow, (hatch sequence sheet) plan clerking, recording of receipt and delivery of containers received or delivered at waterfront facilities, timekeeping, location and yard work, and demurrage recording, which work shall not be removed from the waterfront facility. The input and output of information by computers related to the foregoing work functions shall also be performed by Checkers and Clerks.

DATED: March 23, 2004

ATTACHMENT A- PAGE 1

FINAL JURISDICTION COMMITTEE GUIDELINES AND GLOSSARY OF TERMS

The members of the Jurisdiction Committee, in order to provide a framework to resolve outstanding issues regarding the jurisdiction of the ILA Clerks and Checkers, have agreed upon the following definitions and the statement of principle that will be used to define and identify the specific functions that fall within the ILA's jurisdiction.

In applying Section 11-12(B) of the Master Contract, members of the Jurisdiction Committee shall be bound by the following principle. Management and the ILA agree that the ILA Clerks and Checkers shall have jurisdiction over each and every function set forth in Section 11-12(B), which is performed on container waterfront facilities on behalf of signatory employers in each and every port covered by the Master Contract, provided that such function was at any time in the past performed by the ILA Clerks and Checkers in that port. It is further understood that clerical work currently performed by state port authorities or government agencies, if discontinued, will fall under the ILA's jurisdiction.

The following basic list of terms are intended to be descriptive and not all encompassing and are not intended to limit the jurisdiction or functions of the ILA

Clerks and Checkers as they exist under local agreements in the various ports covered by the Master Contract.

Unless there is agreement between the ILA in a local port and an employer in the local port, any deviation from the jurisdiction provisions of the Master Contract shall not constitute a waiver, amendment or rescission of the jurisdiction provisions of the Master Contract.

DATED: March 23, 2004

ATTACHMENT A - PAGE 3

The ILA is requesting a one thousand dollar ($1000.00) fine in liquidated damages for every container violation under the following terms of the CONTAINERIZATION AGREEMENT section 9, Violations of Agreement:

This agreement defines the work jurisdiction of employees and prohibits the subcontracting out of any of the work covered hereby. It is understood that the provisions of this Agreement are to be rigidly enforced in order to protect against the further reduction of the work force. Management believes that there may have been violation of work jurisdiction, of subcontracting clauses, and of this Agreement, by steamship carriers and direct employers. The parties agree that the enforcement of these provisions is especially important and that any violation of such other provisions is of the essence of the Agreement. The Union shall have the right to insist that any such violations be remedied by money damages to compensate employees who have lost their work. Because of the difficulty of proving specific damages in such cases, it is agreed that, in place of any other damages, liquidated damages of $1,000.00 for each violation shall be paid to the appropriate Welfare and Pension Funds.

Documentation is attached in regard to the particular container numbers and steamship lines involved in violations.

Sincerely,

Richard P. Hughes, Jr.
Business Agent

Cc: MSC
: Evergreen America
: Hatsu Marine
: Italia Marittima SPA
: Hyundai America Shipping Line
: Yang Ming
: Hamburg-Sud
: CLIPAN
: Cfil
: Aliance Navegacao E Logistica
: CCNi
: Zim
: Maersk
: Safmarine
: Lykes Line
: Cosco
: CMA-CGM (American) Inc.
: Horace Alston ILA
: John Shade ACD
  STA-ILA Container Royalty Fund

*****************************************************************************************

## STA-ILA CRF Note:

As claim documentation, Local 953 has submitted Seagirt
Marine Terminal Container Pickup Cards, for various steamship lines,
for each container it considers to be in violation of the Master
Agreement.

The sampling provided for just 2 days is as follows:
March 27, 2006: 485 Containers
March 28, 2006: 393 Containers